UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMAR CHATTERJEE, | ) |
| Plaintiff, | ) |
| v. | ) Case Number:  1:07CV2172 (PLF) |
| U.S. CONSUL GENERAL, <u>et al.</u>, | ) |
| Defendants. | ) |

**JOINT LOCAL RULE 16.3 REPORT**

The parties, having conferred, hereby provide this Report to the Court, in accordance with Local Rule 16.3(c) and Federal Rule of Civil Procedure 26(f).

Plaintiff Samar Chatterjee brings this action based on grave human rights and civil rights violations by the U.S. Consulate in Mumbai, India, and alleges that the U.S. government employees at the said Consulate have harassed and insulted the Plaintiff and his fiance and have denied visa to his fiance without giving any reason whatsoever.  Defendants answered Plaintiff's complaint on March 7, 2008.  Defendants deny that the American consular post in Mumbai, India's refusal of the visa application of Plaintiff's fiancée Sushila Maru violated the law, was unreasonable, or constituted harassment.  Defendants further submit that the decision Plaintiff has challenged is an unreviewable consular visa determination; however the Plaintiff disagrees with this illogical position of the Defendants.

In addition, pursuant to Local Rule 16.3(c), the parties state the following:

1. <u>Dispositive Motions</u>:  Plaintiff does not believe that this case can be resolved with dispositive motions.  Plaintiff is gravely disappointed by the position of the

        Defendants that the matter can be resolved by a motion to dismiss. It is tantamount to a Dictator proclaiming that there is no possibility of a review of his illogical, inhuman and cruel action by an objective judge.

        Defendants believe that this case can be resolved with dispositive motions, specifically, a motion to dismiss. Defendants will file a Motion to Dismiss raising their jurisdictional defenses, and have proposed a schedule for briefing that motion in paragraph 6, below. In the event that the case survives the motion to dismiss, Defendants believe that the case should be resolved with cross-motions for summary judgment. The Plaintiff disagrees with this position of the Defendants unless they are willing to furnish full justification for their action or reverse their malicious and illogical action to date.

2. <u>Joinder of Parties/Amendment of Complaint/Narrowing of Issues</u>: Plaintiff anticipates that additional parties could be joined in these deliberations in future and narrowing of the issues may be made impossible because of the dictatorial stance of the Defendants. Defendants do not anticipate that any additional parties will be joined, or that the issues in the case can be further narrowed prior to discovery or trial.

3. <u>Magistrate:</u> Plaintiff is willing to consent to the referral of the case to a Magistrate Judge. Defendants do not consent to referral of the case to a Magistrate Judge.

4. <u>Possibility of Settlement</u>: Plaintiff believes that settlement discussions may be held in case the Defendants are willing to reconsider and reverse their action.

       Defendants do not believe that settlement discussions would be beneficial prior to resolution of their dispositive motion.

5. <u>ADR</u>:  Plaintiff believes that ADR may be helpful if the Honorable Judge may deem fit in this situation.   Defendants do not believe that ADR would be beneficial.

6. <u>Motions</u>:  Plaintiff urges this Court not to hear the motion to dismiss in view of the self-evident serious damage that the Defendants have caused to the Plaintiff.  It would be frivolous and meaningless deliberations leading to unnecessary delay and further harm to the Plaintiff.  Defendants believe that the case can be decided by dispositive motion, and anticipate filing a motion to dismiss soon.  Defendants propose that the motion to dismiss be briefed in accordance with the following schedule:

    <u>Motion to Dismiss:</u>  Due on or before April 30, 2008

    <u>Opposition to Motion to Dismiss:</u>  Due 30 days after service of Motion to Dismiss

    <u>Reply In Support of Motion to Dismiss:</u>  Due 14 days after service of Plaintiff's Opposition to Motion to Dismiss

7. <u>Initial Disclosures</u>:  Plaintiff is willing to receive any initial disclosures from the Defendants.  Defendants propose that any initial disclosures be due within 30 days after the Court rules on Defendants' dispositive motion.

8. <u>Discovery</u>:  Plaintiff believes that this Court should have jurisdiction in such cases; otherwise We the People are living under a very sinister dictatorship.  Defendants believe that this Court lacks jurisdiction, pursuant to the consular non-

reviewability doctrine.  See Bruno v Albright, 197 F.3d 1153, 1158-1159 (D.C. Cir 1999).  However, if this Court did have jurisdiction to review Plaintiff's claims, such jurisdiction would arise under 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA").  See 5 U.S.C. § 702.  Therefore, in this action, like other APA cases, the Court's review would be limited to the administrative record.  See, e.g., Fund for Animals v. Williams, 391 F. Supp. 2d 191, 196-97 (D.D.C. 2005).  In APA cases, discovery is only permitted in strictly limited circumstances which do not exist in this case.

9. Experts:  Plaintiff believes that expert witnesses have an important role in such cases and shall be able to throw much light on the unreasonable and dictatorial actions of the U.S. Consulates and their officers.  Given the nature of this case, Defendants do not anticipate that either party will rely upon expert witnesses.  Should expert witnesses be employed, Defendants propose that the requirements of Rule 26(a)(2) govern the use of expert witnesses.

10. Class Action:  This is not a class action.

11. Bifurcation:  Plaintiff is unable to take a position on this issue and is open to judicial enlightenment. Defendants do not believe that bifurcation is appropriate.

12. Pretrial Conference:  Plaintiff believes that given the unreasonable and dictatorial positions taken by the Defendants' attorneys, it may be necessary to go to trial in this case.  It is Defendants' position that, given the nature of this case, there would be no trial (and thus no pretrial conference) even if this Court concludes that it has jurisdiction to review Plaintiff's claims.  In the event that there is a trial,

  Defendants propose that the pretrial conference be scheduled after the Court resolves the parties' dispositive motions.

13. <u>Trial Date</u>:  Plaintiff is open to a ruling by the Court on this issue.  It is Defendants' position that, given the nature of this case, there would be no trial even if this Court concludes that it has jurisdiction to review Plaintiff's claims.  In the event that there is a trial, Defendants propose that the trial date be set at the pretrial conference.

14. <u>Other Matters</u>:  None.

Dated: April 23, 2008       Respectfully submitted,


     /s/ by RMM_____
SAMAR CHATTERJEE
Plaintiff, *pro se*
Apartment 223
1616 Marion Street NW
Washington, DC 20001


    /s/             .
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/              .
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/ Robin M. Meriweather     .
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMAR CHATTERJEE,<br><br>            Plaintiff,<br><br>    v.<br><br>U.S. CONSUL GENERAL, et al.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 1:07CV2172 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

[Proposed] ORDER

Upon consideration of the parties' Joint Local Rule 16.3 Report it is hereby ORDERED that:

\_\_\_    [Defendant's Proposal] Defendants' Motion to Dismiss is due on or before April 30, 2008; Plaintiff's Opposition to the Motion to Dismiss is due 30 days after service of the Motion to Dismiss; Defendants' Reply In Support of the Motion to Dismiss, if any, is due 14 days after service of Plaintiff's Opposition to Motion to Dismiss.

\_\_\_    [Plaintiff's Proposal]  The Motion to Dismiss shall not be heard.

\_\_\_    [Defendants' Proposal]  No discovery shall be had prior to the court's disposition of Defendants' motion to dismiss.  In the event that the motion to dismiss is denied, the case shall be reviewed on the basis of the administrative record unless Plaintiff demonstrates that this case meets the criteria for permitting discovery in an Administrative Procedure Act case.

\_\_\_    [Defendants' Proposal] Initial Disclosures shall be due 30 days after the Court rules on Defendants' Motion to Dismiss, and only if the Court denies that motion.

2

\_\_\_	[Defendants' Proposal] To the extent that the parties use expert witnesses, the provisions of Federal Rule of Civil Procedure 26(a)(2) shall govern their use.

\_\_\_	[Defendants' Proposal] A date for the pretrial conference will be set after the Court rules upon the parties' dispositive motions.

\_\_\_	[Defendants' Proposal] A trial date will be set at the pretrial conference.

\_\_\_\_	[Plaintiff's Proposal]  A trial date will be set at the court's convenience.


SO ORDERED.

_____
United States District Judge