UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
SAMAR CHATTERJEE,                      )
                                                      )
            Plaintiff,                             )
                                                      )
    v.                                              )   Case Number:  1:07CV2172 (PLF)
                                                      )
U.S. CONSUL GENERAL, et al.,         )
                                                      )
            Defendants.                         )
_____)

## MOTION TO DISMISS

Defendants, by and through the undersigned counsel, respectfully move this Court for dismissal pursuant to Fed. R. Civ. P. 12(b)(1). As set forth in the accompanying memorandum of points and authorities, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. A proposed Order consistent with this motion is attached hereto.

Dated: May 6, 2008                          Respectfully submitted,


                                                        _____
                                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                        United States Attorney


                                                        _____
                                                        RUDOLPH CONTRERAS, D.C. BAR #434122
                                                        Assistant United States Attorney


                                                        _____
                                                        ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                                        Assistant United States Attorney
                                                        555 Fourth St., N.W.
                                                        Washington, D.C.  20530
                                                        Phone: (202) 514-7198   Fax: (202) 514-8780
                                                        Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SAMAR CHATTERJEE,                   )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Case Number:  1:07CV2172 (PLF)
                                    )
U.S. CONSUL GENERAL, et al.,        )
                                    )
            Defendants.             )
_____ )

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

This Court lacks jurisdiction to review Plaintiff's challenge to the decision made by consular officials in Mumbai, India to deny Plaintiff's fiancée's request for a visa. The D.C. Circuit and other courts have long recognized that consular visa decisions are unreviewable in federal courts, and are entrusted solely to the executive branch. Therefore, Federal Rule of Civil Procedure 12(b)(1) requires that Plaintiff's complaint be dismissed.

Further, there is no live controversy between Plaintiff and United States Citizenship and Immigration Services ("USCIS"). USCIS did not make the consular visa decision which Plaintiff seeks to challenge. Instead, USCIS processed and granted the I-129F petition for fiancée status which Plaintiff filed on behalf of Sushila Maru. Therefore, Plaintiff's alleged injuries are not traceable to USCIS's actions, and he lacks standing to sue USCIS. To the extent that Plaintiff challenges USCIS's recent reconsideration of the I-129F petition, his claims are moot, because USCIS has reaffirmed its prior approval of that petition. The lack of a live controversy between Plaintiff and USCIS deprives this Court of jurisdiction over any claim against that agency, and USCIS must be dismissed as a Defendant.

1

## BACKGROUND

### A.  Statutory and Regulatory Framework

#### 1.  Petitions for K-1 Status

A United States citizen with a fiancé(e) who resides abroad may file a Form I-129F petition to obtain "K-1" status for his/her fiancé(e).  See 8 U.S.C. § 1101(a)(15)(k)(i).  Visas founded upon K-1 status are issued "for the sole purpose of facilitating a valid marriage between an alien and a United States citizen, and that marriage must take place within ninety days of entry."  Kalal v. Gonzales, 402 F.3d 948, 949 (9th Cir. 2005).  The I-129F is filed in the United States, with the USCIS office which has jurisdiction over the state in which the citizen intends to reside after his/her marriage.  See 8 U.S.C. § 1184(d)(1).  If USCIS approves the I-129F petition and grants K-1 status to the alien, it forwards the petition to the United States consular post located in the country in which the fiancé(e) resides.  See Declaration of Elliot Cook, ¶ 7 (Exh. 1); Verovkin v. Still, 2007 Wl 4557782, at *6 (N.D. Cal. Dec. 21, 2007).  If an official at the consular post believes that the fiancé(e) relationship is not bona fide, and is a sham entered into to obtain immigration benefits, the I-129 petition may be returned to USCIS for potential revocation.  See Cook Decl. ¶ 8.

#### 2.  Consular Visa Determinations

The Immigration and Nationality Act of 1952 ("INA") gives the Secretary of State the power to administer and enforce all immigration and nationality laws "relating to the powers, duties and functions of diplomatic and consular officers of the United States, except those powers, duties and functions conferred upon the consular officers relating to the granting or refusal of

2

visas." 8 U.S.C. § 1104(a).  The INA grants consular officers the authority to deny visa applications, stating:

> [n]o visa or other documentation shall be issued to an alien if (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa or such other documentation under section 212, or any other provision of the law, (2) the application fails to comply with the provision of this Act, or the regulations issued thereunder, or (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa or such other documentation under section 212, or any other provision of the law . . . ."

Id. § 1201(g).  Consular officers have complete discretion to issue and revoke visas.  See id. §§ 1104(a), 1201(i).

The alien bears the burden of proof to establish that (s)he is eligible to receive the visa and is not inadmissible.  See 8 U.S.C. § 1361.  If the alien does not "establish to the satisfaction of the consular officer that he is eligible to receive a visa . . . , no visa or other document required for entry shall be issued to such person, nor shall such person be admitted to the United States."  Id.

**B.    The I-129 Petition and Visa Application at Issue in this Case**

On February 4, 2004, Plaintiff Samar Chatterjee filed an I-129 F petition to classify his fiancée, Sushila Maru, as the fiancée of an American citizen under 8 U.S.C. §1101(a)(15)(K)(i).  See Declaration of Elliot Cook, ¶ 5.  The I-129F petition was filed with USCIS, and was approved on April 22, 2005.  See id. ¶¶ 5, 7.  USCIS sent the approval notice to the United States Department of State.  See id. ¶ 7.

On October 27, 2005 Ms. Maru applied for a non-imigrant visa.  See Declaration of Chloe Dybdahl, ¶ 4 (Exh. 2).  The consular office in Mumbai, India interviewed Ms. Maru in October 2005.  See Compl. at 1.  A consular officer refused that visa application on October 7, 2005.  See

3

Dybdahl Decl. ¶ 4. On August 1, 2007, the underlying I-129F was subsequently returned to USCIS for further review and possible termination due to potential marriage fraud. See id. ¶ 5; Cook Decl. ¶ 8.

On October 9, 2007, Plaintiff initiated this action. The complaint alleges that the consular official's denial of the visa application was unlawful and unreasonable. Defendants filed an answer, asserting inter alia that this Court lacks subject matter jurisdiction to review Plaintiff's claims.

## STANDARD OF REVIEW

Defendants move for dismissal under Rule 12(b)(1) because the Court lacks subject matter jurisdiction to review Plaintiff's claim. See Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion to dismiss, "the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Bd., 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003). In addition, plaintiffs bear the burden of persuasion, and must establish subject-matter jurisdiction "by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98. To determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Rann, 154 F. Supp. at 64.

## ARGUMENT

I.  **THE DOCTRINE OF CONSULAR NON-REVIEWABILITY DEPRIVES THIS COURT OF JURISDICTION TO REVIEW PLAINTIFF'S CHALLENGE TO THE CONSULATE'S REFUSAL OF MS. VARU'S VISA APPLICATION.**

It has long been recognized that the decision of a consular officer to grant or deny a visa is not subject to judicial review. See Antonenko v. Department of State, 2004 WL 1080159 (D.C. Cir. May 13, 2004) ("[T]o the extent the complaint challenged the decisions of consular officers to deny appellants visas, the district court correctly concluded that the complaint was barred by the doctrine of consular nonreviewability."); Bruno v. Albright, 197 F.3d 1153 (D.C. Cir. 1999) (affirming district court ruling that it lacked jurisdiction to review consular visa decision); U.S. ex rel. Ulrich v. Kellogg, 30 F.2d 984 (D.C. Cir.), cert. denied, 279 U.S. 868 (1929). This well-settled tenet is known as "the doctrine of consular non-reviewability," and has been applied in cases brought by aliens and/or their United States citizen sponsors. Bruno, 197 F.3d at 1159. The consular non-reviewability doctrine arises from the Supreme Court's recognition that the power to exclude aliens can "be exercised exclusively by the political branches of government," id., and is supported by an enormous body of caselaw. See, e.g., Perales v. Casillas, 903 F.2d 1043, 1046 (5th Cir. 1990) (a consular's decision on a visa application is "totally immune from review"); Centeno v. Schultz, 817 F.2d 1212 (5th Cir. 1987), cert. denied, 484 U.S. 1005 (1988); Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970 (9th Cir. 1986); Ventura-Escamilla v. INS, 647 F.2d 28 (9th Cir. 1981); Rivera de Gomez v. Kissinger, 534 F.2d 518 (2d Cir.), cert. denied, 429 U.S. 897 (1976); Romero v. Consulate of the U.S., Barranquilla, 860 F. Supp. 319 (E.D. Va. 1994); Garcia v. Baker, 765 F. Supp. 426 (N.D. Ill. 1990); Hermina Sague v. United States, 416 F. Supp. 217 (D.P.R. 1976). Indeed, the INA's legislative history shows that Congress considered and rejected the suggestion that a consular officer's decision be administratively or judicially reviewable. See

5

Ventura-Escamila, 647 F.2d at 30-31 (quoting H. Rep. No. 1365, 82nd Congress, 2d Sess., 1952 U.S.Code Cong. & Admin. News 1653, 1688).

The D.C. Circuit examined and reaffirmed the consular non-reviewability doctrine in Bruno v. Albright. The Court noted the political nature of visa decisions, and held that it is "not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien." Bruno, 197 F.3d at 1159. The Court explained that the consular non-reviewability doctrine predates the Administrative Procedures Act ("APA"), and forecloses APA review of a consular official's refusal to issue a visa. See id. at 1160-64.

Applying those principles to this case clearly establishes that the consular officer's decision to deny Ms. Maru's visa is not subject to judicial review. Under the prescribed statutory scheme, the consular officer in India maintained exclusive authority over the issuance of Ms. Maru's visa. Neither the Secretary of State nor any of the officials in the Visa Office acting on her behalf held the authority to review or interfere in that decision. See 8 U.S.C. § 1104(a). Ms. Maru failed to establish to the consular officer's satisfaction – at the time of the interview – that she was eligible for a visa. The consular officer therefore refused the visa, and subsequently returned the I-129F to USCIS for further review and potential revocation for suspected marriage fraud. See Dybdahl Decl. ¶¶ 4-5; Cook Decl. ¶ 8. This Court lacks jurisdiction to review that determination. Moreover, even if the Court had jurisdiction to review the consular officer's determination, (and it does not), it could not grant Plaintiff's request for an order compelling the consulate to *grant* the visa. See New York v. Baker, 878 F.2d 507, 512 (D.C. Cir. 1989)

(vacating district court order requiring that visas be issued and noting that "a court has no power to serve as a proxy consular officer").

## II. THERE IS NO LIVE CONTROVERSY BETWEEN PLAINTIFF AND USCIS, AND USCIS THEREFORE MUST BE DISMISSED FROM THIS ACTION.

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)); see U.S. Const. Art. III, § 2 (authorizing federal courts to review "cases" or "controversies"); Allen v. Wright, 468 U.S. 737, 750 (1984) (discussing case or controversy requirement); National Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997) (same). This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome. See Richardson v. Ramirez, 418 U.S. 24, 36 (1974). The doctrines of standing, mootness, and ripeness all implement Article III's case-or-controversy requirement. See Spirit of Sage Council v. Norton, 411 F.3d 225, 230 (D.C. Cir. 2005).

Standing is a critical component of the case-or-controversy requirement, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), and "is assessed at the time the action commences." Advanced Management Tech. v. FAA, 211 F.3d 633, 635-36 (D.C. Cir. 2000). Plaintiff bears the burden of demonstrating that he had standing at the time the complaint was filed. See id. at 561. To carry that burden, Plaintiff must show that three elements are present:

> First, the plaintiff must have suffered an injury in fact ─ an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of ─ the injury has to be fairly traceable to the challenged action of the defendant, and not the result of

7

>the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan, 504 U.S. at 560-61 (internal quotation marks and citations omitted). "In actions for injunctive relief, harm in the past. . . is not enough to establish . . . an injury in fact." American Society for Prevention of Cruelty to Animals v. Ringling Bros., 317 F.3d 334, 336 (D.C. Cir. 2003); see also Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 108 (1998) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief.").

Plaintiff lacks standing to sue USCIS. As explained supra, USCIS did not have the authority to issue the visa to Ms. Maru. Instead, USCIS approved the I-129 petition, and forwarded the application to the consular post in Mumbai, India. See Cook Decl. ¶ 7. The consular official in Mumbai, India refused the visa. See Dybdahl Decl. ¶ 4. Therefore, to the extent that Plaintiff claims to have suffered an injury as a result of the denial of his fiancée's visa application, that injury was not traceable to any actions of USCIS. See Tierney v. Federal Election Comm'n, 538 F. Supp. 2d 99, 102-03 (D.D.C. 2008) (dismissing claim for lack of standing where plaintiff's injury resulted from the actions of a third party instead of the defendant agency); see generally Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976) (to establish standing injury must be traceable to the defendant's actions and not those of a third party).

If the complaint can be read as including a challenge to USCIS's review of the I-129F after the consular officer denied the visa application,[1] any such claim is moot. The mootness doctrine ensures that the case and controversy requirement is met at all stages of the litigation. As the D.C. Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). Once a case becomes moot, the court loses jurisdiction. See City of Houston v. Department of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).

Any claim Plaintiff arguably may have had against USCIS became moot when USCIS completed its review of the I-129F petition. On February 11, 2008, USCIS revalidated the I-129F and forwarded it to the consulate. See Cook Decl. ¶ 10. USCIS has no pending applications or petitions related to Plaintiff and Ms. Varu. See id. Therefore there is no further judicial function for the Court to perform with respect to USCIS, as the agency voluntarily has provided the relief Plaintiff desired from it. It follows that any claim which seeks to compel USCIS to validate the I-129F, or complete its review thereof, must be dismissed as moot. See Thompson v. United States Dep't of Labor, 8 13 F.2d 48, 51 (3d Cir.1987) (action for declaratory and mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint);

---

[1] Because Plaintiff is pro se, the Court may read his pleadings liberally. See Link v. United States, __ F. Supp. 2d __, 2008 WL 799663, at *1 (D.D.C. Mar. 27, 2008); Rae v. United States, 530 F. Supp. 2d 127, (D.D.C. 2008).

Gray v. Office of Pers. Mgmt., 771 F.2d 1504, 1514 (D.C. Cir 1985) (mandamus to compel agency decision became moot when agency rendered decision).

## CONCLUSION

For the foregoing reasons, Defendants move that the complaint be DISMISSED for lack of jurisdiction.

Dated: May 6, 2008                        Respectfully submitted,

                                             /s/
                               JEFFREY A. TAYLOR, D.C. BAR # 498610
                               United States Attorney

                                             /s/
                               RUDOLPH CONTRERAS, D.C. BAR #434122
                               Assistant United States Attorney

                                         /s/ Robin M. Meriweather
                               ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                               Assistant United States Attorney
                               555 Fourth St., N.W.
                               Washington, D.C.  20530
                               Phone: (202) 514-7198
                               Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Chloe Dybdahl
United States Department of State

Pilar Luna
United States Customs and Immigration Services, California Service Center

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of May 2008, I caused a copy of the foregoing Motion to be served upon Plaintiff, via first class mail, postage prepaid, addressed as follows:

Samar Chatterjee
1616 Marion St NW, Apt 223
Washington, DC 20001

                                      /s/ Robin M. Meriweather
                                  ROBIN M. MERIWEATHER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SAMAR CHATTERJEE,                   )
                                    )
            Plaintiff,              )
                                    )
       v.                           )   Case Number: 1:07CV2172 (PLF)
                                    )
U.S. CONSUL GENERAL, et al.,        )
                                    )
            Defendants.             )
_____)

**ORDER**

Upon consideration of Defendants' Motion to Dismiss, it is this _____ day of _____, 2008,

ORDERED, that Defendants' Motion be and hereby is GRANTED;

It is FURTHER ORDERED that Plaintiff's complaint be and hereby is DISMISSED.

SO ORDERED.

                                          _____
                                          United States District Judge

## DECLARATION OF ELLIOTT COOK

I, Elliott Cook, declare as follows:

1. I am employed by the United States Citizenship and Immigration Services (hereinafter "USCIS") as a Assistant Center Director at the California Service Center (hereinafter "CSC"), in Laguna Niguel, California. I have been employed with the USCIS as an Supervisory Adjudications Officer since May 5, 2001 and in my current capacity since February 11, 2008. I make this declaration based on my personal knowledge and review of official documents and records maintained by USCIS. If called to testify, I could and would do so competently.

2. This declaration is submitted in support of Defendants' Motion to Dismiss in the case of <u>Chatterjee v. U.S. Consul General</u>, CV 07-2172, currently pending in the United States District Court, District of Columbia. This declaration is based on a review of available agency records. This declaration provides a factual summary of the agency's adjudication policy as well as a review of the plaintiff's file. PROVIDE DUTIES. The information below is based upon review of the files, electronic records, personal knowledge, and other information that has become known to me in the course of my official responsibilities concerning the processing of this application.

3. The CSC is responsible for the receipt, processing and adjudication of certain immigrant and nonimmigrant visa petitions and other applications filed by

petitioners and applicants residing in the western United States as well as certain forms and petitions transferred from other Service Centers.

4. In my capacity as an Assistant Director with the CSC, I have access to the official files and records of USCIS, including tracking information for approved petitions shipped to the Department of State National Visa Center in Portsmouth, New Hampshire.

5. I have reviewed the tracking information for an approved I-129 F petition filed by Sameer Chatterjee on behalf of Sushila Maru, file number LIN 04 096 53130. The records reflect that the petition was filed on February 20, 2004 by Mr. Chatterjee, A 31 007 976 requesting the K-1 classification.

6. On January 28, 2005 and March 15, 2005, two requests for additional evidence were sent to Mr. Chatterjee and the response was received on March 30, 2005.

7. On April 22, 2005, the approval notice was issued and subsequently sent to the Department of State.

8. On August 1, 2007, the consulate returned the petition for further review and possible termination for suspected marriage fraud.

9. I have reviewed the databases maintained by the CSC, including CLAIMS and NFTS (National File Tracking System). When an immigrant visa petition is received by USCIS, the agency creates a file and assigns to it a receipt number. In this case, the initial file was submitted to the Nebraska Service Center and was later transferred to the Calfiornia Service Center. The receipt number is then entered into the CLAIMS data base and the system is then updated whenever a Service action is taken on that application. When a visa petition approved by

USCIS is returned by an American Consulate for review and possible revocation, a new receipt notice may be created based on the consular return or the original receipt number is re-established in CLAIMS. In either case, CLAIMS is then updated to show that the file is presently located at USCIS/CSC. NFTS is also updated to show either the new receipt number or that the old receipt number has been relocated at the CSC or elsewhere in USCIS.

10. The petitioner's file receipt number for the approved I-129F is LIN 04 096 53510. A thorough search of both CLAIMS and NFTS reveals that the petition was revalidated by the California Service Center on February 11, 2008 and forwarded to the consulate via the National Visa Center for further consideration and processing. Additionally, a name search of USCIS's systems reveals no other pending applications or petitions at CSC related to this petitioner and beneficiary.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of April, 2008, at Laguna Niguel, California.

Elliott Cook
Assistant Center Director
California Service Center

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAMAR CHATTERJEE; | ) | No. 07-2172 PLF |
| | ) | |
| Plaintiff, | ) | DATE:  May 6, 2008 |
| | ) | |
| v. | ) | |
| | ) | DECLARATION OF |
| U.S. CONSUL GENERAL | ) | Chloé Dybdahl |
| et al. | ) | |
| | ) | |

I, Chloé Dybdahl, hereby declare under penalty of perjury:

1. I, Chloé Dybdahl, am employed by the U.S. Department of State as attorney adviser of the legal advisory opinion section of the Visa Office, Bureau of Consular Affairs.  In that capacity I am authorized to search the electronic Consular Consolidated Database of the U.S. Department of State, Bureau of Consular Affairs, for replicated records of non-immigrant and immigrant visas issued at U.S. embassies and consular posts overseas.  The following declaration is based on my personal knowledge and information acquired in my official capacity in the performance of my official functions.

2. The Consular Consolidated Database contains replicated electronic data recording pending non-immigrant and immigrant visa cases, visa applications, visa interviews, and visas issued and refused at U.S. diplomatic and consular posts, including Mumbai, India.

3. The Consular Consolidated Database reflects the following.  The non-immigrant visa case of Sushila Vinodchandra Maru is assigned the case number of BMB2005630039.

4. The Consular Consolidated Database further reflects that Sushila Vinodchandra Maru (DPOB: 27 May 1960, India) applied for a non-immigrant visa on October 7, 2005. The Consular Consolidated Database shows that on October 7, 2005, a consular officer refused the non-immigrant visa application of Sushila Vinodchandra Maru under INA § 221(g), 8 U.S.C. 1201(g).

5. The Consular Consolidated Database reflects that the K-1 petition filed on behalf of Suchila Vinodchandra Maru by Samar Chatterjee was returned by the consular post to USCIS for review and possible revocation and that the consular post sent information regarding the petition return to Suchila Vinodchandra Maru.

I declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Washington, D.C.
May 6, 2008

Chloé Dybdahl